WALTER CORCORAN, Respondent, *v.* KINGS COUNTY DYE WORKS, INC., Appellant.

Supreme Court, Appellate Term, First Department, April 24, 1929.

*A. H. Waisman,* for the appellant.

*John Vernou Bouvier, Jr.,* for the respondent.

PER CURIAM. The inquest and judgment here involved were taken under the following circumstances: The case was on the calendar for November 20, 1928. On the afternoon of the nine-

teenth defendant's counsel found himself engaged in an action in the Municipal Court, Borough of Richmond, which had been adjourned over to the following day. This fact his office communicated to the attorney for the plaintiff, with the information that an application would be made for an adjournment, and plaintiff's office advised that it would oppose such adjournment. Thereupon defendant's counsel prepared and swore to an appropriate affidavit stating his engagement and asking for an adjournment. His law clerk attended at the call of the calendar on November twentieth. No one answered on behalf of the plaintiff and defendant's counsel's clerk requested and was accorded an adjournment to December 17, 1928, a date which had been set for most of the adjourned cases that morning. He thereupon left the court room without presenting his employer's affidavit of engagement, there being no necessity therefor. These facts are set forth in affidavits of defendant's counsel and his law clerk and are not denied. It appears further from these affidavits that defendant's counsel had employed the United Lawyers' Service, Inc., also to answer the calendar, and the record slip of the United Service discloses that it was instructed to say: "Defendant not ready; affidavit of actual engagement." Shortly after defendant's clerk left the court room plaintiff's counsel reached the court, and upon inquiry was informed by the learned justice who called the calendar that the case had been set down for the seventeenth of December "Upon consent of counsel." When counsel denied that there had been any consent the calendar judge, according to his own memorandum opinion, asked the representative of the United Service whether she had not stated that the adjournment was by consent of counsel and she said that she had done so. Thereupon the case was immediately restored to the calendar and a little later set down for trial which resulted in the inquest and judgment now sought to be set aside. No explanation is offered by the clerk of the United Service why she had said, "Upon consent of counsel," and in the view which we take of the matter that incident became wholly immaterial. Plaintiff's counsel having defaulted on the call of the calendar, defendant's counsel's clerk was wholly justified in asking for and obtaining an adjournment without further explanation, and his course as narrated in his affidavit is not only undenied but perfectly regular. It is quite probable that the learned judge heard only the answer of the United Service, or may have assumed that the answer made by the clerk of defendant's counsel came from plaintiff's attorney, but whatever the cause of the misunderstanding, and whether or not the clerk of the United Service is at fault for an erroneous execution of her commission, defendant's counsel had a legal excuse

for his own non-attendance and an unassailable right to an adjournment. The misunderstanding arose primarily from the fact that plaintiff's counsel defaulted on the call of the calendar.

Order reversed, motion granted, judgment vacated and cause set for trial for May 8, 1929. Appeal from order denying motion for bill of particulars dismissed.

All concur; present, BIJUR, CALLAHAN and PETERS, JJ.